

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2009

# USA v. Malloy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Malloy" (2009). *2009 Decisions*. Paper 1556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3487
_____

UNITED STATES OF AMERICA


v.

JOHN MALLOY,

Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-386)
District Judge: Honorable John E. Jones

_____


Submitted Under Third Circuit L.A.R. 34.1(a)
March 9, 2009

Before: FUENTES, CHAGARES and ALDISERT Circuit Judges.

(Opinion Filed: April 10, 2009)


OPINION OF THE COURT

FUENTES, Circuit Judge:

In 2005, John Malloy and others burglarized a firearms store, stealing 188 firearms. Malloy pled guilty to being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g), and was sentenced to 120 months imprisonment. Malloy appeals his sentence arguing that his offense level was calculated incorrectly. In particular, Malloy argues that the District Court was only entitled to calculate his Guidelines' range based on facts to which he had stipulated. Further, Malloy argues that the District Court should have given him a "minor role" reduction under United States Sentencing Guidelines (U.S.S.G.) § 3B1.2.

Because we write exclusively for the parties, we discuss the facts only to the extent necessary for the resolution of the issues on appeal. In 2005, Malloy and four others traveled from Philadelphia to Tioga County, Pennsylvania to commit a burglary at an all-terrain vehicle (ATV) business. Once in Tioga County, the group decided instead to burglarize a firearms store. They went to the store in the late night hours, cut the telephone line running to the store, pried open the front door, tampered with the alarm and smashed display cases. They stole 188 firearms, as well as ammunition and other goods. The group returned to Philadelphia, where Malloy and one other ground off the serial numbers on the weapons. Each defendant kept a few of the firearms, and the rest were sold. Malloy was indicted and eventually pled guilty, admitting responsibility for his role in the offense.

2

Malloy has prior convictions for—among other offenses—aggravated assault, receiving stolen property, and burglary. The aggravated assault offense constituted a second degree felony. The commentary to U.S.S.G. § 4B1.2 lists aggravated assault as a "crime of violence."

"As we have noted repeatedly, sentencing courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker." United States v. Ali, 508 F.3d 136, 142-143 (3d Cir. 2007) (reiterating that the standard of proof under the Guidelines continues to be preponderance of the evidence). Thus, the District Court did not err in making its own factual findings concerning Malloy's criminal history or the number of firearms involved in his offense.

We review such factual findings for clear error. United States v. Siegel, 477 F.3d 87, 89 (3d Cir. 2007). There was none here; the Government presented ample evidence of Malloy's aggravated assault conviction and of the number of firearms involved in the offense.

Similarly, the District Court did not err in concluding that "Malloy was an integral member of the offense" and not entitled to a minor role reduction. In particular, like the District Court, we note that it is "particularly troubling that Malloy obliterated the serial numbers from a portion of the guns."

Finally, we conclude that the District Court did not abuse its discretion in sentencing Malloy to the statutory maximum of 120 months, a sentence well below the

otherwise applicable Guidelines' range. In that regard, we note that the record reflects that the District Court gave serious consideration to the factors under 18 U.S.C. § 3553(a). In particular, the District Court noted that deterrence was especially important in this case because "it is quite clear . . . that to the extent that [Malloy]'s not been in prison, that he's been actively engaged in criminal enterprises." The District Court emphasized that Malloy's criminal history, role in the burglary, and involvement in post-burglary activities were all more serious than that of co-defendants who received lower sentences. The District Court also noted the seriousness of the offense and the harm caused by stolen firearms that make their way to the streets of Philadelphia.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.